UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT PEARSALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 07-0108 (PLF) |
| ) | |
| ALBERTO GONZALEZ, Attorney General, ) | |
| United States Department of Justice, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT RULE 16.3 REPORT

Pursuant to Local Civil Rule 16.3(d), the parties report to the Court concerning the matters in Rule 16.3(c). The parties' proposals are set forth below in the same order in which the matters are listed in LCvR 16.3(c).

**1.   Whether the case is likely to be disposed of by dispositive motion.**

Plaintiff does not believe that this case can be disposed of by motion. Defendant believes that all or part of this case can be disposed of by dispositive motion and intends to file a dispositive motion within 60 days of proper service of the complaint.

**2.   The date by which any other parties shall be joined or the pleadings amended.**

The parties do not anticipate joining any other parties.

**Whether some or all of the factual and legal issues can be agreed upon or narrowed.**

Whether some of the factual and legal issues can be agreed upon is unknown at this juncture.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to assignment to a magistrate judge for purposes of discovery or trial.

4. **Whether there is a realistic possibility of settling the case.**

Although the parties do not believe that there is a possibility of settling this case at this early stage, prior to the filing of a dispositive motion, the parties will inform the court if the possibility of settlement becomes realistic at any time.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that mediation is appropriate to consider at this time, prior to the filing of a dispositive motion.

6. **Whether the case can be resolved by summary judgment or motion to dismiss.**

Plaintiff does not believe that this case can be disposed of by motion for summary judgment or motion to dismiss. Defendant believes that all or part of the case can be resolved by a dispositive motion.

> **Dates for filing dispositive motions and/or cross-motions, opposition, and replies.**
>
> Plaintiff believes that dispositive motions should be filed subsequent to completion of discovery. Defendant believes that discovery should be stayed pending a decision on the dispositive motion that Defendant intends to file.

>    **Dispositive motions**: 60 days after proper service of the complaint.
>
>    **Oppositions**: 21 days after service of dispositive motion.
>
>    **Replies**: 11 days after service of opposition.
>
>    **Proposed date for a decision on the motions.**
>
>    60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

    The parties do not stipulate to dispense with the Fed. R. Civ. Pro. Rule 26(a)(1) disclosures.

8. **How long discovery should take.**

    The parties expect that fact discovery should be completed 6 months after a decision on the dispositive motion.

    **What limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions).**

    The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

    **Whether a protective order is appropriate.**

    The parties will agree to a reasonable protective order that limits the use of personnel information to this litigation prior to trial.

    **A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Plaintiff believes that discovery deadlines should be determined at a scheduling conference after the Defendant has filed an answer. The Defendant believes that discovery should commence after a decision on the dispositive motion if necessary at that time and should be completed within 6 months of a decision.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

    The parties agree that the Plaintiff will serve any expert witness report upon Defendant 60 days before the close of fact discovery, and that 45 days from service of Plaintiff's expert reports, defendant will serve any expert witness report upon Plaintiff.

    **Whether and when depositions of experts should occur.**

    Within 45 days from service of the respective expert reports.

10. **In class actions, appropriate procedures.**

    N/A.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation?**

    The parties agree that neither trial nor discovery should be bifurcated.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    Defendant proposes that a date for a pretrial conference be set after the Court's decision on the dispositive motion if necessary.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60**

**days after that conference.**

The parties propose that the Court set a trial date at the pretrial conference.

**14.  Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties propose no other matters at this time.

The Court is respectfully referred to the accompanying proposed Scheduling Order.

Dated: October 11, 2007            Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

OF COUNSEL
JENNY WU

Counsel for Defendant

John F. Mercer, D.C. Bar  # 25539
Tec Law Group, PLLC
1629 K Street, N.W., Suite 300
Washington, D.C.  20036
(202) 466-3830 Phone
(240) 535-8758 Mobile
(301) 249-4604 Telecopier
jmjmercer@aol.com

Counsel for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT PEARSALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 07-0108 (PLF) |
| ) | |
| ALBERTO GONZALEZ, Attorney General, ) | |
| United States Department of Justice, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon consideration of the parties' Rule 16.3(d) report, it this _____ day of

_____, 2007 hereby ORDERED that:

1) dispositive motions are due 60 days after the close of all discovery, oppositions are due 21 days after service of any dispositive motion, and replies are due 11 days after service of any opposition;

2) Plaintiff will serve any expert witness report upon Defendant 60 days from close of fact discovery and Defendant will serve any expert witness report upon Plaintiff 45 days from service of Plaintiff's expert reports; and

3) depositions of any experts will occur 45 days from service of the respective expert report.

_____
UNITED STATES DISTRICT JUDGE

Copies:

ANDREA McBARNETTE
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Counsel for Defendant


John F. Mercer, D.C. Bar  # 25539
Tec Law Group, PLLC
1629 K Street, N.W., Suite 300
Washington, D.C.  20036
(202) 466-3830 Phone
(240) 535-8758 Mobile
(301) 249-4604 Telecopier
jmjmercer@aol.com

Counsel for the Plaintiff