**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| ALBERT PEARSALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 07-0108 (PLF) |
| | ) | ECF |
| MICHAEL MUKASEY, Attorney General, | ) | |
| United States Department of Justice, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

## ERRATA AND NOTICE OF FILING

On Friday, March 7, 2008, Defendant filed his *Reply in Support of his Motion to Dismiss or in the Alternative for Summary Judgment* ("Reply"). *See* USDC Pacer Doc. No. 19. Due to inadvertence, Exhibit 31, which should have been attached thereto, was referred to as Exhibit 29 (*see* Reply p. 11, n. 9), and not attached when the Reply was filed. Defendant herewith attaches Exhibit 31, and regrets any inconvenience caused by this oversight.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 305-4851

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 10th day of March, 2008, I caused the foregoing *Errata and*

*Notice of Filing* to be served on counsel of record via the Court's ECF system.

 

                      _____/s/_____
                      MERCEDEH MOMENI
                      Assistant United States Attorney
                      Civil Division
                      555 4th Street, N. W.
                      Washington, D.C.  20530
                      (202) 3050-4851

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office

| | | |
|---|---|---|
| ALBERT A. PEARSALL, III, | ) | |
| *Complainant* | ) | |
| | ) | |
| | ) | |
| v. | ) | EEOC Case No. 570-2006-00115X |
| | ) | Agency No. B-05-2511 |
| | ) | |
| ALBERTO GONZALES, | ) | |
| ATTORNEY GENERAL, | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | Administrative Judge Frances del Toro |
| | ) | |
| *Agency* | ) | |
| | ) | |

---

### AGENCY'S OBJECTIONS AND RESPONSES TO COMPLAINANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to 29 C.F.R. § 1614.109(b), EEOC Management Directive 110, and the Acknowledgement and Order issued in this matter, the U.S. Department of Justice, Office of Community Oriented Policing Services ("Agency" or "COPS") hereby objects and responds to Complainant Albert A. Pearsall, III's ("Complainant") Requests for Production of Documents ("Document Requests"). To the extent discovery is not complete, Agency will supplement responses to requests for production of documents as additional information becomes available as required by EEOC Management Directive 110, and the Acknowledgement and Order issued in this matter.

## **GENERAL OBJECTIONS**

Agency hereby sets forth the following General Objections that are incorporated by reference into each of the specific objections set forth below. The General Objections are continuing in nature. Without regard to objections made or not made in these General Objections, Agency reserves the right to make any appropriate objection at any hearing or trial of this matter. By providing the documents below, Agency does not concede that any of the documents are relevant to the issues in this case.

1.    Agency objects to the Document Requests to the extent that they attempt or purport to impose obligations on Agency beyond those imposed or authorized by 29 C.F.R. § 1614.109(b), EEOC Management Directive 110, the Acknowledgement and Order issued in this matter, or any other applicable statute, rule and/or regulation.

2.    Agency objects to the Document Requests to the extent that they attempt or purport to require disclosure of communications protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Any response herein indicating that documents will be produced is expressly made subject to any claim of privilege or work product that may be applicable to specific documents or information within the scope of the request. Further, if any privileged or work product is produced, such production would be inadvertent, and shall not constitute a waiver of the attorney-client privilege or the protection afforded by the work product doctrine.

3.    Agency objects to the Document Requests to the extent that the requests are overly broad, unduly burdensome, and/or seek to obtain information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Agency objects to the Document Requests to the extent that they seek information and/or documents not within the COPS Office's possession, custody, or direct control. The COPS Office does not have possession, custody or direct control over documents maintained by other components of the Agency, such as the Office of Justice Programs. Unless otherwise indicated, COPS will produce responsive documents that are in COPS' possession, custody or control.

5.      Agency objects to the Document Requests to the extent that the requests are unduly vague and/or ambiguous to the extent they use terms that are undefined. By submitting these responses, Agency does not in any way adopt any purported definitions of words and phrases used by Complainant in this discovery set. Agency further objects to these definitions to the extent they are inconsistent with (a) the ordinary and customary meaning of such words and phrases, (b) the rules governing the permissible scope of discovery, or (c) any definitions set forth by Agency in its responses.

6.      Agency objects to the instructions and definitions contained in the Document Requests to the extent that they exceed the permissible scope of discovery under the applicable EEOC rules and regulations, and the Acknowledgement and Order.

7.      Agency objects to the Document Requests to the extent they seek the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties.

8.      Agency objects to the Document Requests to the extent they assume facts that have not been established and/or are not true or accurate.

9.     Agency objects to the Document Requests to the extent they seek legal conclusions or opinions.

10.     Agency objects to the Document Requests to the extent that the information and/or documents requested concern Complainant's Claim One, which Complainant has stipulated to the dismissal of, and Claims Two and Four, which should be dismissed with prejudice against the Agency as set forth in the Agency's pending motion to dismiss dated March 29, 2006.

11.     Agency objects to the Document Requests to the extent that they seek information for an indefinite time period or for a time period beyond a reasonable scope of discovery appropriate to this action.  Such responses are overly broad, unduly burdensome, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

12.     Agency objects to the Document Requests to the extent they exceed the limit in the Acknowledgement and Order that document requests shall contain no more than thirty requests including subparts.

13.     Agency objects to the Document Requests to the extent they seek "all," "every" and "any" document because discovery is ongoing and has not yet been completed in this action. Accordingly, Agency is unable to produce all information responsive to Complainant's requests. If additional information is discovered, Agency will supplement these responses to the extent required.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

## REQUEST NO. 1:

All documents described, identified, relied upon, or referred to in your responses to Complainant's Interrogatories, Complainant's Requests for Admission, or any other pleading submitted or served in this case.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 1:

Agency incorporates its general objections as if fully set forth herein. In addition, Agency specifically objects to the request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, or is subject to any other privilege. Agency also objects to this request to the extent it is overly broad and unduly burdensome, and seeks documents not in the custody, possession or control of the Agency. Agency further objects to the request to the extent that the information and/or documents requested concern Complainant's Claim One, which Complainant has stipulated to the dismissal of, and Claims Two and Four, which should be dismissed with prejudice against the Agency as set forth in the Agency's pending motion to dismiss. Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties. Subject to and without waving any objections, Agency responds that in addition to the documents contained in the Report of Investigation ("ROI"), the Agency will produce additional non-privileged, responsive documents. Agency refers Complainant to the documents produced herein.

## REQUEST NO. 2:

Without respect to date restrictions, Complainant's personnel file and any other files maintained by the Agency relating to Complainant. Said files are to be produced in their non-purged form and content. In the event any documents of any kind or nature whatsoever have

been removed from said files, name the person in whose care, custody or possession such documents are at, and the reason for their removal.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 2:

Agency incorporates its general objections as if fully set forth herein. Agency specifically objects to this request to the extent it is unduly vague, as the terms "personnel file" and "any other files maintained by the Agency relating to Complainant" are not defined. Agency also objects that the request is overly broad, unduly burdensome, and seeks irrelevant information and/or information not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks "any other files maintained by the Agency relating to Complainant" because Complainant has been employed with the Agency for over 20 years, and has provided no date restrictions for this request. In addition, Agency objects to this request to the extent that the information and/or documents requested concern Complainant's Claim One, which Complainant has stipulated to the dismissal of, and Claims Two and Four, which should be dismissed with prejudice against the Agency as set forth in the Agency's pending motion to dismiss. Further, the Agency objects to this request to the extent it seeks documentation that is not in the possession, custody or control of the COPS Office. Agency also objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, or is subject to any other privilege. Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties. Subject to and without waiving any objections, Agency responds that it will produce a copy of Complainant's Official Personnel File, and the personnel file maintained by the Human Resources Department at the COPS Office. Agency also refers Complainant to the ROI.

**REQUEST NO. 3:**

Without respect to date restrictions, Pamela Cammarata's personnel file and any other files maintained by the Agency relating to any EEO activity in which Pamela Cammarata was involved, specifically including documents relating to EEO activity wherein Pamela Cammarata is identified as a supervisor or selecting official. Said files are to be produced in their non-purged form and content. In the event any documents of any kind or nature whatsoever have been removed from said files, name the person in whose care, custody or possession such documents are at, and the reason for their removal.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 3:**

Agency incorporates its general objections as if fully set forth herein. Agency specifically objects to this request to the extent that the request it is unduly vague, as the terms "personnel file" and "any other files maintained by the Agency relating to any activity in which Pamela Cammarata was involved," and "documents relating to EEO activity wherein Pamela Cammarata is identified as a supervisor or selecting official" are not defined. Agency also objects that the request seeks to obtain information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties. Agency also objects that the request is overly broad and unduly burdensome, and to the extent that it seeks information for an indefinite time period. Such responses are overly broad, unduly burdensome, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Agency objects to this request to the extent it seeks documents protected by the attorney-client privilege, and/or work product privilege. Subject to and without waiving any objections, Agency responds: Other than the instant EEOC proceeding, the Agency is not aware

7

of any Complaints of Discrimination alleging that Pamela Cammarata has taken discriminatory

action against any COPS employee.   Agency also refers Complainant to the ROI.


**REQUEST NO. 4:**

Without respect to date restrictions, Cynthia Bowie's personnel file and any other files
maintained by the Agency relating to Cynthia Bowie.  Said files are to be produced in their non-
purged from and content.  In the event any documents of any kind or nature whatsoever have
been removed from said files, name the person in whose care, custody or possession such
documents are at, and the reason for their removal.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4:**

Agency incorporates its general objections as if fully set forth herein.  Agency

specifically objects to this request because the documents requested concern Complainant's

Claim Two, which should be dismissed with prejudice against the Agency as set forth in the

Agency's pending motion to dismiss.  Agency also objects to the extent that the request is unduly

vague, as the terms "personnel file" and "any other files maintained by the Agency relating to

Cynthia Bowie" are not defined.  In addition, Agency objects that the request seeks to obtain

information that is neither relevant to this action nor reasonably calculated to lead to the

discovery of admissible evidence. Agency also objects to the request to the extent it seeks the

disclosure of confidential and personal information and/or documents that would violate the

Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy

of third parties.  Agency also objects that the request is overly broad and unduly burdensome,

and to the extent that it seeks information for an indefinite time period.  In addition, Agency

objects to this request to the extent it seeks documents protected by the attorney-client privilege,

and/or work product privilege.

**REQUEST NO. 5:**

Without respect to date restrictions, Matthew Scheider's personnel file and any other files maintained by the Agency relating to Matthew Scheider. Said files are to be produced in their non-purged from and content. In the event any documents of any kind or nature whatsoever have been removed from said files, name the person in whose care, custody or possession such documents are at, and the reason for their removal.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5:**

Agency incorporates its general objections as if fully set forth herein. Agency

specifically objects to this request to the extent that the request it is unduly vague, as the terms

"personnel file" and "any other files maintained by the Agency relating to Matthew Scheider"

are not defined. Agency also objects to the request to the extent it seeks the disclosure of

confidential and personal information and/or documents that would violate the Privacy Act,

and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third

parties. Agency also objects that the request seeks to obtain information that is neither relevant

to this action nor reasonably calculated to lead to the discovery of admissible evidence. Agency

also objects that the request is overly broad and unduly burdensome, and to the extent that it

seeks information for an indefinite time period. In addition, Agency objects to this request to the

extent it seeks documents protected by the attorney-client privilege, and/or work product

privilege. Subject to and without waiving any objections, Agency has already provided

documentation, contained in the ROI, regarding the Supervisory Social Science, GS-0101-14,

position, Vacancy Announcement COPS-04-086 (DH), and refers Complainant to the ROI,

including but not limited to Tabs E-14 through19, and E-25.

**REQUEST NO. 6:**

All documents related to Complainant's performance at the Agency.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6:**

Agency incorporates its general objections as if fully set forth herein. Agency specifically objects to this request to the extent that the request is unduly vague, overly broad and unduly burdensome, as: (1) the phrase "documents related to performance" is not defined; and (2) a large volume of documents are generated in the ordinary course of business that might "relate to Complainant's performance." Agency further objects to the extent the request seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Agency objects to the extent that the information and/or documents requested concern Complainant's Claim One, which Complainant has stipulated to the dismissal of, and Claims Two and Four, which should be dismissed with prejudice against the Agency as set forth in the Agency's pending motion to dismiss. Agency also objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege and/or work product doctrine. In addition, Agency objects to the extent the request seeks documents not in the possession, custody or control of the COPS Office. Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties. Subject to and without waiving any objections, Agency will provide copies of Complainant's Performance Appraisal Record that are in the possession, custody or control of the COPS Office. Agency also refers Complainant to the documents produced in response to Request No. 2, and the documents contained in the ROI.

**REQUEST NO. 7:**

All documents related to the selection or non-selection of Complainant for any position within the Agency.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7:**

Agency incorporates its general objections as if fully set forth herein. Agency specifically objects to this request because the documents requested concern Complainant's Claim Two, which should be dismissed with prejudice against the Agency as set forth in the Agency's pending motion to dismiss. Agency also objects to this request to the extent that the request is unduly vague, overly broad and unduly burdensome, as the terms "selection," "non-selection," and "any position within the Agency" are not defined. Agency further objects to the extent the request seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Agency also objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege and/or work product doctrine. In addition, Agency objects to the extent the request seeks documents and/or information not in the possession, custody or control of the COPS Office. Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties. Subject to and without waiving any objections, Agency will produce additional non-privileged, responsive documents in its custody, possession or control that it has not already provided regarding the Supervisory Social Science Analyst, GS-0101-14, Vacancy Announcement COPS-04-086 (DH). Agency also refers Complainant to the ROI, including but not limited to Tabs D-9 through 11, D-13, E-14 through 19, and E-34 and 35.

**REQUEST NO. 8:**

All documents related to the selection or non-selection of Complainant for any acting position, including any documents related to the position of Acting PPSE Supervisory Social Scientist Analyst/Acting Assistant Director.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8:**

Agency incorporates its general objections as if fully set forth herein.   Agency

specifically objects to the extent that the information and/or documents requested concern

Complainant's Claim One, which Complainant has stipulated to the dismissal of, and Claims

Two and Four, which should be dismissed with prejudice against the Agency as set forth in the

Agency's pending motion to dismiss.   Agency specifically objects to this request to the extent

that the request is unduly vague, overly broad and unduly burdensome, as the terms "selection,"

"non-selection," and "acting position" are not defined.   Agency further objects to the extent the

request seeks information that is neither relevant to this action nor reasonably calculated to lead

to the discovery of admissible evidence.   Agency also objects to this request to the extent it seeks

the production of documents protected by the attorney-client privilege and/or work product

doctrine.   In addition, Agency objects to the extent the request seeks documents not in the

possession, custody or control of the COPS Office. Agency also objects to the request to the

extent it seeks the disclosure of confidential and personal information and/or documents that

would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the

personal privacy of third parties.  Subject to and without waiving any objections, Agency will

produce copies of non-privileged, responsive documents related to Complainant's allegations

regarding the Acting PPSE Supervisory Social Scientist Analyst/Acting Assistant Director

encompassed by Claim 3, to the extent there are any responsive documents that the Agency has

not already produced.  Agency also refers Complainant to the ROI, including but not limited to Tabs D-9 and 14, E-21, and E-30.

## REQUEST NO. 9:

All documents related to the selection process and/or criteria for the position of Supervisory Program Audit Officer, GS-301-15, Vacancy Announcement COPS-03-015-DH (MPP).  This request includes all correspondence related to the selection process and/or criteria for the position of Supervisory Program Audit Officer, GS-301-15, Vacancy Announcement COPS-03-05-DH (MPP).

## OBJECTIONS AND RESPONSE TO REQUEST NO. 9:

Agency incorporates its general objections as if fully set forth herein. Agency specifically objects to this request because the documents requested concern Complainant's Claim Two, which should be dismissed with prejudice against the Agency as set forth in the Agency's pending motion to dismiss.  Agency further objects to this request to the extent that the request is unduly vague, as the terms "selection process," "criteria," and "all correspondence related to the selection process and/or criteria" are not defined.  Agency also objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege and/or work product doctrine. Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties.

## REQUEST NO. 10:

All documents related to any formal policy pertaining to the treatment of seniority within COPS or the Agency in the selection process.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10:**

Agency incorporates its general objections as if fully set forth herein. Agency specifically objects to this request to the extent it seeks documents regarding Complainant's Claim Two, which should be dismissed with prejudice against the Agency as set forth in the Agency's pending motion to dismiss. Agency also objects to the request as being unduly vague because the terms "formal policy" "treatment of seniority" and "selection process" are undefined. Agency further objects to this request on the grounds that it is overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks policies not applicable to Complainant or the selection decision(s) at issue in this matter.

**REQUEST NO. 11:**

All documents related to any informal policy or practice pertaining to the treatment of seniority within COPS or the Agency in the selection process.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11:**

Agency incorporates its general objections as if fully set forth herein. Agency specifically objects to this request to the extent it seeks documents regarding Complainant's Claim Two, which should be dismissed with prejudice against the Agency as set forth in the Agency's pending motion to dismiss. Agency also objects to the request as being unduly vague because the terms "informal policy or practice," "treatment of seniority," and "selection process" are undefined. Agency further objects to this request on the grounds that it is overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks policies not applicable to Complainant or the selection decision(s) at issue in this matter.

**REQUEST NO. 12:**

All documents related to any policy pertaining to the solicitation or acceptance of materials from candidates beyond what is expressly requested in a position announcement in the selection process.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 12:**

Agency incorporates its general objections as if fully set forth herein. Agency specifically

objects to this request to the extent it seeks documents regarding Complainant's Claim Two,

which should be dismissed with prejudice against the Agency as set forth in the Agency's

pending motion to dismiss. Agency also objects to the request as being overly broad and unduly

vague, to the extent the terms "policy," "solicitation," "acceptance," "materials," "what is

expressly requested in a position announcement," and "selection process" are undefined. Agency

further objects to this request on the grounds that it is overly broad and unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks

policies not applicable to Complainant or the selection decision(s) at issue in this matter.

**REQUEST NO. 11 (second):**

All documents relied upon in selecting Cynthia Bowie for the position of Supervisory Program Audit Officer, GS-301-15, Vacancy Announcement COPS-03-015-DH (MPP), including notes from the interviews of both Cynthia Bowie and Complainant and any evaluations of such interview. This request includes all correspondence related to the selection process and/or criteria for the position of Supervisory Program Audit Officer, GS-301-15, Vacancy Announcement COPS-03-05-DH (MPP).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11 (second):**

Agency incorporates its general objections as if fully set forth herein. Agency specifically

objects to this request to the extent it seeks documents regarding Complainant's Claim Two,

which should be dismissed with prejudice against the Agency as set forth in the Agency's

pending motion to dismiss. Agency also objects to this request as being unduly vague to the

extent that the terms "relied upon," "any evaluations," "correspondence," "selection process,"

and "criteria" are undefined. Agency also objects to the request to the extent it seeks the

disclosure of confidential and personal information and/or documents that would violate the

Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy

of third parties.

**REQUEST NO. 12 (second):**

      All correspondence between Agency officials, supervisors, managers, or other personnel
pertaining to any matter or issue raised in this case.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 12 (second):**

      Agency incorporates its general objections as if fully set forth herein.   Agency

specifically objects to the extent that the information and/or documents requested concern

Complainant's Claim One, which Complainant has stipulated to the dismissal of, and Claims

Two and Four, which should be dismissed with prejudice against the Agency as set forth in the

Agency's pending motion to dismiss.  Agency also objects to this request to the extent that the

request is unduly vague, overly broad and unduly burdensome.  Agency further objects to the

extent the request seeks information that is neither relevant to this action nor reasonably

calculated to lead to the discovery of admissible evidence.  Agency also objects to this request to

the extent it seeks the production of documents protected by the attorney-client privilege and/or

work product doctrine.  In addition, Agency objects to the extent the request seeks documents

not in the possession, custody or control of the COPS Office.  Subject to and without waiving

any objections, Agency refers Complainant to the ROI and the documents that will be produced

in response to the requests herein.

**REQUEST NO. 13:**

      All documents you intend to enter into or can reasonably foresee entering into evidence at
a dispositive hearing or trial in this case.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 13:**

Agency incorporates its general objections as if fully set forth herein.  Agency

specifically objects to the extent that the request is premature as discovery has not yet been

completed and the Agency's motions to stay and dismiss are pending.   Agency also objects to

this request to the extent it seeks information protected by the attorney-client privilege and/or

work product doctrine.  Subject to and without waiving any objections, at the hearing or trial,

Agency will enter into evidence documents contained in the ROI, as well as other documents that

it has not yet identified.

**REQUEST NO. 14:**

All notes written by and all documents and communications kept by any and all
individuals with input into the selection for the position of Supervisory Social Science Analyst,
GS-0101-14, Vacancy Announcement COPS-04-086(DH) regarding the selection process for
this position.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 14:**

Agency incorporates its general objections as if fully set forth herein.  Agency

specifically objects to this request to the extent that the request is unduly vague, as the terms

"notes," "individuals with input," and "selection process" are not defined.  Agency further

objects that the request is overly broad and unduly burdensome. Agency also objects to the

request to the extent it seeks the disclosure of confidential and personal information and/or

documents that would violate the Privacy Act, and/or constitute an unwarranted and

unauthorized invasion of the personal privacy of third parties. Agency also objects to this

request to the extent it seeks the production of documents protected by the attorney-client

privilege and/or work product doctrine.  Subject to and without waiving any objections, Agency

will produce non-privileged, responsive documents, to the extent there are any that the Agency

has not previously produced.  Agency also refers Complainant to the ROI, including but not limited to Tab E-17.

**REQUEST NO. 15:**

All documents and communications created by or received by any person, agency or commission regarding criteria for, individual ratings of applicants, and recommendations about and/or the selection for the position of Supervisory Social Science Analyst, GS-0101-14, Vacancy Announcement COPS-04-086 (DH).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 15:**

Agency incorporates its general objections as if fully set forth herein.  Agency specifically objects to this request to the extent that the request is unduly vague, as the terms "criteria," "individual ratings of applicants," and "recommendations" are not defined.  Agency further objects that the request is overly broad and unduly burdensome, and seeks the production of documents not in the possession, custody or control of the COPS Office.  Agency also objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege and/or work product doctrine. Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties.  Subject to and without waiving any objections, Agency will produce non-privileged responsive documents, to the extent there are any that the Agency has not previously produced.  Agency also refers Complainant to the ROI, including but not limited to Tabs D-9, D-11, D-13, E-14, E-17, and E-21.

**REQUEST NO. 16:**

All documents describing the qualifications for and job responsibilities or duties for the position of Supervisory Social Science Analyst, GS-0101-14, Vacancy Announcement COPS-04-086 (DH), including but not limited to past and current positions descriptions, the most recent advertisement for the position as well as the last prior announcement, SF171 or resume or other documents reflecting the qualifications of the prior incumbent in this position, Nancy Leach, and

any rating forms or evaluations supporting the selection of Ms. Leach to this position over Mr. Scheider.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 16:

Agency incorporates its general objections as if fully set forth herein.   Agency specifically objects to this request to the extent that the request is unduly vague, as the phrases "documents describing qualifications for and job responsibilities or duties," "most recent advertisement," and "last prior announcement," "qualifications," "rating forms" and "evaluations" are not defined.  Agency further objects that the request is overly broad and unduly burdensome, and seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks any documents relating to Nancy Leach and/or her selection for the position, as Complainant did not apply for the Vacancy Announcement and Complainant is not challenging that decision in this case. Agency also objects to the extent the request assumes as true that the specific documents it identifies would constitute "documents describing the qualifications for and job responsibilities or duties for the position of Supervisory Social Science Analyst, GS-0101-14, Vacancy Announcement COPS-04-086 (DH)." Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties. Subject to and without waiving any objections, Agency will produce responsive documents, to the extent there are any that the Agency has not previously produced. Agency also refers Complainant to the ROI, including but not limited to Tab D-9, D-11, D-13, E-14, E-17, and E-21.

**REQUEST NO. 17:**

All documents relating to the appointment or assignment of any employee to the vacant PPSE Supervisory Social Science Analyst/Acting Assisting Director position during any period from September 2002 – April 2004 including but not limited to any agency or other procedures regarding the process for selection or appointment of employees to acting supervisory, managerial, or director positions and the duration of such assignments, and any documents relating to Ms Cammarata's assignment of any individual employee to the PPSE Supervisory Social Science Analyst/Acting Director position.

**OBJECTION AND RESPONSE TO REQUEST NO. 17**

Agency incorporates its general objections as if fully set forth herein.   Agency

specifically objects to the extent that the information and/or documents requested concern

Complainant's Claim One, which Complainant has stipulated to the dismissal of, and Claims

Two and Four, which should be dismissed with prejudice against the Agency as set forth in the

Agency's pending motion to dismiss.  Agency specifically objects to this request to the extent

that the request is unduly vague, overly broad and unduly burdensome, as the terms

"appointment," "assignment," "agency or other procedures," "selection," "acting supervisory,

managerial, or director position" are not defined.  Agency further objects to the extent the

request seeks information that is neither relevant to this action nor reasonably calculated to lead

to the discovery of admissible evidence.  Agency also objects to this request to the extent it seeks

the production of documents protected by the attorney-client privilege and/or work product

doctrine.  In addition, Agency objects to the extent the request seeks documents not in the

possession, custody or control of the COPS Office.  Subject to and without waiving any

objections, Agency will produce copies of non-privileged, responsive documents related to

Complainant's allegations regarding the Acting PPSE Supervisory Social Scientist

Analyst/Acting Assistant Director encompassed by Claim 3, to the extent there are any

responsive documents that the Agency has not already produced.  Agency also refers

Complainant to the ROI, including but not limited to Tabs D-9, E-21, and E-30.

**REQUEST NO. 18:**

A copy of any SF-171 or resume, prior job evaluations, and any other documents
submitted by any person, including selectee Matthew Scheider and Complainant, in applications
for the position of Supervisory Social Science Analyst, GS-0101-14, Vacancy Announcement
COPS-04-086(DH).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 18:**

Agency incorporates its general objections as if fully set forth herein.  Agency

specifically objects to this request to the extent that the request is unduly vague, as the terms

"prior job evaluations," and "applications" are not defined. Agency also objects to the request to

the extent it seeks the disclosure of confidential and personal information and/or documents that

would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the

personal privacy of third parties.  Subject to and without waiving any objections, Agency will

produce responsive documents, to the extent there are any that the Agency has not previously

produced.  Agency also refers Complainant to the ROI, including but not limited to Tabs E15, E-

17 and E-18.

**REQUEST NO. 19:**

All organization charts which include all employees under the direct supervision of
Pamela Cammarata for the previous five years.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 19:**

Agency incorporates its general objections as if fully set forth herein.  Agency

specifically objects to this request to the extent that the request is unduly vague, as the terms

"organization charts" and "direct supervision" are not defined. Agency also objects to the request

to the extent it seeks the disclosure of confidential and personal information and/or documents

that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion

of the personal privacy of third parties.  Agency also objects to this request on the grounds that

the time frame for which documents are sought is overly broad and seeks information that is

irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.   Subject

to and without waiving any objections, Agency refers Complainant to Tab E-29 of the ROI.

**REQUEST NO. 20:**

Any and all communications and correspondence between Agency officials, supervisors,
managers, or other management officials including Team Leaders and persons from the Human
Relations or Personnel Department of the Agency pertaining to any matter or issue raised in this
case.

**RESPONSE TO REQUEST NO. 20:**

Agency incorporates its general objections as if fully set forth herein.  Agency

specifically objects to this request to the extent that the request is unduly vague, as the terms

"officials," "supervisors," "managers," "other management officials," "Team Leaders," and

"persons from the Human Relations or Personnel Department," and "any matter or issue raised in

this case" are not defined. Agency also objects to the extent that the information and/or

documents requested concern Complainant's Claim One, which Complainant has stipulated to

the dismissal of, and Claims Two and Four, which should be dismissed with prejudice against

the Agency as set forth in the Agency's pending motion to dismiss.  Agency further objects that

the request is overly broad and unduly burdensome. Agency also objects to this request to the

extent it seeks the production of documents protected by the attorney-client privilege and/or

work product doctrine. Agency also objects to this request to the extent it seeks documentation

that is not in the possession, custody or direct control of the COPS Office. Agency also objects to

the request to the extent it seeks the disclosure of confidential and personal information and/or

documents that would violate the Privacy Act, and/or constitute an unwarranted and

unauthorized invasion of the personal privacy of third parties. Subject to and without waiving

any objections, Agency will produce non-privileged responsive documents, to the extent there

are any that the Agency has not previously produced regarding Claim 3. Agency also refers

Complainant to the ROI.

**REQUEST NO. 21:**

   All documents and communications relating to Complainant's position description (PD)
and performance work plan (PWP) as a GS-14-Senior Policy Analyst since September 2002,
including any revisions to Mr. Pearsall's PD and/or PWP during his tenure in COPS.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 21:**

   Agency incorporates its general objections as if fully set forth herein. Agency specifically

objects to the extent that the information and/or documents requested concern Complainant's

Claim One, which Complainant has stipulated to the dismissal of, and Claims Two and Four,

which should be dismissed with prejudice against the Agency as set forth in the Agency's

pending motion to dismiss. Agency further objects to this request to the extent it is overly broad

and unduly burdensome. Agency also objects to this request to the extent it seeks the production

of documents protected by the attorney-client privilege and/or work product doctrine. Agency

also objects to this request on the grounds that the time frame for which documents are sought is

overly broad and seeks information that is irrelevant or not reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving the foregoing general

objections, Agency will produce Complainant's position description(s) (PD), and Complainant's

performance work plan(s) (PWP), for the time period September 2002 through April 2004.

**REQUEST NO. 22:**

   Position descriptions for the past five years of all GS-14 Senior Policy Analysts under the
supervision of Ms. Cammarata.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 22:**

Agency incorporates its general objections as if fully set forth herein. Agency specifically objects to the extent that the information and/or documents requested concern Complainant's Claim One, which Complainant has stipulated to the dismissal of, and Claims Two and Four, which should be dismissed with prejudice against the Agency as set forth in the Agency's pending motion to dismiss. Agency also objects to this request to the extent it is unduly vague, as the phrase "under the supervision" is not defined. Agency also objects to this request to the extent it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

All documents related to any alleged pattern of racial discrimination at COPS.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 23:**

Agency incorporates its general objections as if fully set forth herein.   Agency specifically objects to this request to the extent it is overly broad, unduly burdensome, and/or seeks to obtain information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Agency objects to this request to the extent it assumes facts that are not true and/or not in evidence.  Agency also objects to this request to the extent it seeks a legal opinion and/or conclusion.  Agency objects to this request to the extent it is not limited to any documents relating to such allegations against the individuals whom Complainant alleges as taking discriminatory action in the instant proceeding.  Agency also objects to Complainant's request to the extent that it attempts or purports to require disclosure of communications protected by the attorney-client privilege or the attorney work-product doctrine or any other applicable privilege. Agency also objects to the request to the extent it seeks the

disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties.

## REQUEST NO. 24:

All documents related to any alleged pattern of age discrimination at COPS.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 24:

Agency incorporates its general objections as if fully set forth herein.   Agency specifically objects to this request to the extent it is overly broad, unduly burdensome, and/or seeks to obtain information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Agency objects to this request to the extent it assumes facts that are not true and/or not in evidence. Agency also objects to this request to the extent it seeks a legal opinion and/or conclusion.  Agency objects to this request to the extent it is not limited to any documents relating to such allegations against the individuals whom Complainant alleges as taking discriminatory action in the instant proceeding.  Agency also objects to Complainant's request to the extent that it attempts or purports to require disclosure of communications protected by the attorney-client privilege or the attorney work-product doctrine or any other applicable privilege. Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties.

## REQUEST NO. 25:

All documents related to any alleged pattern of gender discrimination at COPS.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 25:**

Agency incorporates its general objections as if fully set forth herein. Agency specifically objects to this request to the extent it is overly broad, unduly burdensome, and/or seeks to obtain information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Agency objects to this request to the extent it assumes facts that are not true and/or not in evidence. Agency also objects to this request to the extent it seeks a legal opinion and/or conclusion. Agency objects to this request to the extent it is not limited to any documents relating to such allegations against the individuals whom Complainant alleges as taking discriminatory action in the instant proceeding. Agency also objects to Complainant's request to the extent that it attempts or purports to require disclosure of communications protected by the attorney-client privilege or the attorney work-product doctrine or any other applicable privilege. Agency also objects to the request to the extent it seeks the disclosure of confidential and personal information and/or documents that would violate the Privacy Act, and/or constitute an unwarranted and unauthorized invasion of the personal privacy of third parties.

Dated: May 4, 2006                    Respectfully submitted,

Jenny C. Wu
Jonya E. Wagner
Associate General Counsel
Office of Community Oriented Policing Services
U.S. Department of Justice
1100 Vermont Avenue, N.W.
Washington, D.C. 20530
(202) 514-9424 (telephone)
(202) 514-3456 (facsimile)
*Agency Representatives*

## CERTIFICATE OF SERVICE

I hereby certify that I served copies of Agency's Objections and Responses to Complainant's Request for Production of Documents, Agency's Objections and Responses to Complainant's Requests for Admission, Agency's Objections and Responses to Complainant's Interrogatories via facsimile and U.S. Mail, postage prepaid, this 4th day of May 2006, upon:

> Holden Brooks, Esq.
> Amy Mudge, Esq.
> Jessica L. Medina, Esq.
> Barbara H. Wootton, Esq.
> Steven G. Reade, Esq.
> Denis D. Delja, Esq.
> Arnold & Porter LLP
> 555 Twelfth Street, NW
> Washington, DC  20004-1206
> *Complainant's Representative*

Jenny C. Wu

27